UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY P., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security, <br><br> Defendant. | Case No.: 3:23-cv-00563-AHG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES** <br><br> **[ECF No. 16]** |

Before the Court is Plaintiff Gary P.'s ("Plaintiff") motion for attorney fees. ECF No. 16. Plaintiff seeks a Court award of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *Id.* For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** the motion.

I.  **BACKGROUND**

The underlying action involves Plaintiff's challenge to the denial of his supplemental social security income benefits. On March 29, 2023, Plaintiff filed a complaint against the acting Commissioner of Social Security. ECF No. 1. Defendant filed the administrative record in lieu of an answer. ECF No. 9. The Court set a scheduling order, requiring formal

settlement discussions, a Joint Status Report be filed by July 28, 2023, and a Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security ("Joint Motion for Judicial Review") be filed by October 27, 2023. ECF No. 10. On October 25, 2023, the parties timely filed their Joint Motion for Judicial Review, which identified two disputed issues—whether the ALJ properly considered Plaintiff's testimony and whether the ALJ properly evaluated the opinion of Plaintiff's chiropractor. ECF No. 13. On March 29, 2024, the Court issued its Order, reversing the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and remanding for calculation and award of benefits to Plaintiff. ECF No. 14. A Clerk's Judgment in Plaintiff's favor was entered the same date. ECF No. 15. The instant motion follows.

Plaintiff requests that Plaintiff's counsel receive compensation for 23.75 hours of work, at $244.62 per hour,[1] and counsel's paralegals receive compensation for 3.2 hours of work, at $179.00 per hour, with the total request as $6,382.53. ECF Nos. 16-1, 16-2. Defendant does not oppose Plaintiff's attorney fee or paralegal fee requests. ECF No. 17.

## II.   THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in

---

[1] The Court notes that, elsewhere in the motion, Plaintiff's counsel requests a lower hourly rate of $231.49. *See* ECF No. 16-1 at 5 ("the court should compensate attorney fees at the rates up to $231.49 per hour for attorney time"); *id.* ("Counsel requests an adjustment of the attorney fee rate up to $231.49 based upon the cost of living"); *id.* ("Compensation of 23.75 hours of attorney time at up to $231.49 per hour for current work is reasonable and appropriate."). However, the total dollar figure repeatedly requested by Plaintiff's counsel, 6,382.53, indicates a reliance on the $244.62 hourly rate set forth elsewhere in the motion and in counsel's itemized billing statement. *See* ECF No. 16-2 ($244.62); ECF No. 16-1 at 2 ("seeks attorney fees in the amount of $6,382.53 based upon a maximum hourly rate of $244.62 per hour for lawyer [] and $179.00 per hour for paralegal time"); *id.* at 11 (requesting compensation of "23.75 hours of attorney time at up to $244.62 per hour").

Federal Rule of Appellate Procedure 4(a).[2] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007).

Here, Plaintiff filed his motion for EAJA fees on June 27, 2024, 90 days after judgment was entered on January 3, 2023. The motion was filed 30 days after the 60-day period expired and falls within the 30-day filing period. Accordingly, the motion is timely.

## III. DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). *See also* 28 U.S.C. § 2412(a), (d). The Court will address these elements in turn.

### A. Prevailing party

A plaintiff is a prevailing party if he "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, Plaintiff is the prevailing party because the Court reversed the Commissioner's denial of disability benefits and remanded the case to the ALJ for the calculation and award of benefits. ECF No. 14; *see Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded"); *Beatriz B. v. Saul*, No. 19cv785-AHG, 2020 WL 5203371, at *2 (S.D. Cal. Sept. 1, 2020) (finding that plaintiff was prevailing party when court reversed the

---

[2] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

Commissioner's decision and remanded for calculation and award of benefits).

## B. Substantial justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, Defendant "has given substantive consideration to the merits of Plaintiff's request and found no basis to object. Therefore, Defendant has no objection to this request[.]" ECF No. 17. Although Defendant's stipulation does not constitute an admission of liability on its part, the compromise nature of the request is sufficient to find the second element met, given that "Defendant … does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, No. 16-cv-3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18-cv-1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019). Accordingly, the Court finds no basis to deny the EAJA fee request pursuant to § 2412(d)(1)(A).

## C. Reasonableness of Hours

"A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. [] Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Lang v. Saul*, No. 1:18cv1605-SKO, 2020 WL 4339496, at *4 (E.D. Cal. July 28, 2020) (internal citations and quotation marks omitted).

Plaintiff seeks a fee award for 23.75 hours billed by Plaintiff's counsel and 3.2 hours billed by Plaintiff's counsel's paralegals. ECF Nos. 16-1, 16-2. The Court finds the hours billed by Plaintiff's counsel and her paralegals are reasonable. *See* 28 U.S.C. § 2412(d); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (a prevailing party may recover reasonable paralegal fees); *see also Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's previous position that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their

fees' because 'the payoff is too uncertain.' [] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)); *see, e.g.*, *Costa*, 690 F.3d at 1136 (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Daniel M. v. Kijakazi*, No. 3:20cv1021-AHG, 2021 WL 3929681, at *2 (S.D. Cal. Sept. 2, 2021) (finding that 22.1 hours billed by plaintiff's counsel a reasonable number of hours when the parties filed joint motion for voluntary remand instead of a Joint Motion for Judicial Review); *Henderson v. Comm'r of Soc. Sec.*, No. 1:20-cv-0562-JLT, 2021 WL 2457540, at *3 (E.D. Cal. June 16, 2021) (finding that 26 hours billed by plaintiff's counsel and 5.4 hours billed by paralegals a reasonable number of hours); *Krebs*, 2018 WL 3064346, at *2 (finding that 21.7 hours billed by plaintiff's counsel and 3.5 hours billed by a paralegal a reasonable number of hours).

### D.   Reasonableness of Hourly Rate

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). As noted, the statutory maximum EAJA rate for work performed in 2023 in the Ninth Circuit, factoring in increases in the cost of living, was $244.62. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Aug. 8, 2024); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g.*, *Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). Consistent with the Ninth Circuit's hourly EAJA rates, Plaintiff's counsel billed at a rate

of $244.62 for work performed in 2023. ECF No. 16-2 at 1–2. As such, the Court finds that the hourly rate billed by counsel is reasonable.

The Court finds, however, that Plaintiff's paralegal rate is not reasonable. Plaintiff assigns an hourly rate of $179.00 for paralegal work. ECF No. 16-2. "District Courts in the Southern District of California have found an hourly rate of $143.00 reasonable for paralegals' work and have reduced paralegal rates that are even slightly above that." *Deshawantha J. v. O'Malley*, No. 24cv301-JLB, 2024 WL 3330602, at *2 (S.D. Cal. July 8, 2024) (reducing the requested paralegal rate from $179.00 per hour to $143.00 per hour, for work performed in 2024 by paralegal Enedina Perez, the same paralegal in the instant case); *see, e.g.*, *Victoria C. v. Kijakazi*, No. 23-cv-01030-JLB, 2023 WL 5737788 at *3 (S.D. Cal. Sept. 5, 2023) (reducing the requested paralegal rate of $160.00 per hour to $143.00 per hour, for work performed in 2023 by paralegal Enedina Perez, the same paralegal in the instant case). Plaintiff's only argument for the Court's deviation from this rate is that "United States Consumer Law Attorney Fee Survey Report [], exhibit 2, establishes the average market rate for paralegals in California through 2023 as $179 per hour. [] The USAO 2015-2021 fee matrix supports a paralegal and law clerk rate of $180 and the 2021 Laffey Matrix supports a rate of $208." ECF No. 16-1 at 6. However, the U.S. Consumer Law Attorney Fee Survey Report attached to Plaintiff's motion as exhibit 2 lists the average billable paralegal rate in California as $143, and the average billable paralegal rate in San Diego as $147. ECF No. 16-3 at 20, 34. The Court thoroughly examined the entirety of the report provided, and it does not mention $179 being an average paralegal rate in *any* California jurisdiction. As for the USAO fee matrix and Laffey Matrix, attached to Plaintiff's motion as part of exhibit 2, the Court finds them unpersuasive. "The USAO matrix calculates appropriate hourly rates for attorneys based on data regarding billing rates for all types of lawyers in the DC Metro Area, covering urban, suburban and rural areas of Maryland, Virginia, and West Virginia. … The Laffey Matrix is based on rates for attorneys practicing federal litigation in the District of Columbia." *Case Law*, LAFFEY MATRIX, https://www.laffeymatrix.com/caselaw.html (last visited on Aug. 9, 2024). As

such, these rates are not persuasive indicators of market rates in San Diego or the Ninth Circuit. Therefore, the Court will not deviate from the accepted local rate and accordingly reduces the paralegal rate to $143.00 per hour. *See, e.g.*, *Deshawantha J.*, 2024 WL 3330602, at *2 (collecting cases that recently reduced the paralegal rate to $143.00 per hour); *Jacqueline K. v. Kijakazi*, No. 21cv405-AHG, 2022 WL 17884451, at *3 (S.D. Cal. Dec. 23, 2022) (reducing requested paralegal rate from $150.00 to $143.00 per hour); *Lisa M. v. Kijakazi*, No. 21cv1501-JLB, 2022 WL 17069826, at *1 n.2 (S.D. Cal. Nov. 17, 2022) (finding an hourly rate of $143.00 for work done by a paralegal to be reasonable).

### E.    Assignment of Rights to Counsel

Plaintiff requests that, if the Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will pay such fees directly to Plaintiff's attorney, pursuant to the waiver executed by Plaintiff. ECF No. 16 at 3; ECF No. 16-1 at 11; *see also* ECF No. 16-4 at 1 ("Social Security Representation Agreement" signed by Plaintiff stating that Plaintiff "shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–5 (E.D. Cal. Mar. 21, 2011) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant,

however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset").

Here, Plaintiff assigned his right to EAJA fees to his attorney at the Law Offices of Lawrence D. Rohlfing. ECF No. 16-4. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees and costs may be paid directly to Plaintiff's counsel, Monica Perales of the Law Offices of Lawrence D. Rohlfing pursuant to the assignment and in accordance with Plaintiff's Motion.

## IV.  CONCLUSION

The Court finds that a reduction of Plaintiff's counsel's paralegals is warranted. The remainder of Plaintiff's fee request is reasonable. As such, the total fee amount is calculated as follows: 23.75 hours of attorney work at a rate of $244.62 per hour, for a product of $5,809.73; and 3.2 hours of paralegal work at a rate of $143.00 per hour, for a product of $457.60. This amounts to a total of $6,267.33.

Accordingly, for the reasons set forth above, the Court hereby **ORDERS** that:

1. Plaintiff's Motion for Attorney Fees and Expenses Pursuant to the EAJA (ECF No. 16) is **GRANTED IN PART AND DENIED IN PART**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of **$6,267.33**; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel, the Law Offices of Lawrence D. Rohlfing, Inc., CPC.

**IT IS SO ORDERED.**

Dated:  August 9, 2024

Honorable Allison H. Goddard
United States Magistrate Judge